[Crim. No. 5107.   Second Dist., Div. Three.   Feb. 9, 1954.]

THE PEOPLE, Respondent, v. WILLIAM ERNEST RICE, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was informed against and convicted in a nonjury trial of the possession of a preparation of heroin, in violation of section 11500, Health and Safety Code.  He appeals from the judgment and from an order denying his motion for a new trial.

The ground of the appeal is the claimed insufficiency of the evidence to prove defendant had possession of the narcotic, or that he knew it was a narcotic.  We are of the opinion that both the fact of possession and the fact of knowledge were reasonably inferred from the testimony of the arresting officers.

■ There was testimony of the following facts: Officer Conrad, in company with Officers Northrop and Nichols, arrested defendant on East Fifth Street in Los Angeles at about 5 a. m. Defendant was on the sidewalk leaning into a car talking to one Frank Freeman, a known narcotic addict. From a distance of 30 feet the officer recognized defendant. From a distance of 5 or 6 feet he saw defendant drop a cellophane wrapped package which fell on the sidewalk about 3 feet from defendant's feet. The officer picked up the package and said: "We have got you this time, Shorty." The package contained heroin. Defendant, who had been arrested previously by the same officer, for the same offense, accused the officer of attempting to "plant" evidence against him. He denied that the package belonged to him and claimed the officer had dropped it. Defendant was searched. He had in his possession a package in which two pillow cases were wrapped in newspaper. No narcotic was found in the large package or on defendant's person, but he had in a pocket a piece of cellophane which was the same size as the one in which the heroin was wrapped.

The trial judge weighed the testimony of the officer against that of the defendant and concluded that the former had testified to the truth. Consideration was no doubt given to the facts in evidence that defendant had been a user of narcotics and had suffered a previous narcotic conviction. We cannot reweigh the credibility of the witnesses or their testimony. There was no insufficiency of evidence that defendant had possession of the narcotic and dropped it to the sidewalk. There is a mere possibility, but nothing more, that defendant did not know what was in the package, but there was no escape from the inference that defendant endeavored to get rid of the package because he knew it contained a narcotic.

Defendant cites *People* v. *Cole,* 113 Cal.App.2d 253 [248 P.2d 141], where it was held error to give an instruction under which one might be convicted of possession of a narcotic even though he held the honest belief that it was not a narcotic. The case is not at all in point. Nor are we at all impressed to learn that the deputy attorney general who briefed the present case is of the opinion that the Cole case was incorrectly decided. The opinion in that case is one which the authorities should understand and respect.

The judgment and the order denying motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.